IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SIDNEY A. HUGGINS, #L7917**                                                  **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 3:10-cv-712-HTW-LRA**

**MADISON COUNTY, et al.**                                        **DEFENDANTS**

MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] The named Defendants are Madison County, Mississippi; Author Johnston, III, Chancery Court Clerk for Madison County; and Lee Westbrook, Circuit Court Clerk for Madison County. On February 1, 2011, the Court entered an Order [9] directing the Plaintiff to file a written response to provide specific information regarding his claims. Plaintiff filed his Response [12] on February 16, 2011. Upon review of the Plaintiff's Complaint and Response [12] the Court has reached the following conclusions.

**I. Background**

Plaintiff was convicted of armed robbery by the Madison County Circuit Court on December 5, 2003. As a result, Plaintiff was sentenced to serve twenty-years in the custody of the Mississippi Department of Corrections. Plaintiff complains that his efforts to obtain copies of his criminal court record from the Circuit Court have been either ignored or denied. Plaintiff states that he is in need of these documents in order to pursue his post-conviction

---

[1] Plaintiff was granted *in forma pauperis* status in this case on February 1, 2011.

remedies.  Plaintiff argues that the denial of these documents violates his constitutional right of access to the courts.  Plaintiff seeks declaratory relief and injunctive relief.  Specifically, Plaintiff states that he is requesting a "court order telling the defendants to hand over to the Plaintiff all of the prescribed documents he is legally entitled to have without further delay or discrepancy."  Compl. [1], p. 4.

## II. Analysis

Title 28 U.S.C. Section 1915(e)(2)[2] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994).  "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact."  *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991).  *See also Neitzke*, 490 U.S. at 325; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  Since Plaintiff was granted *in forma pauperis status*, § 1915(e)(2), applies to this case. As discussed below, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983, at this time.

Although prisoners have a constitutionally protected right of access to the courts, this right does not encompass an entitlement to the relief requested by the Plaintiff. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)(inmate's right of access to courts is not unlimited). As the Fifth Circuit has repeatedly stated, a prisoner "does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." *Wright v. Curry*, 122 F. App'x 724, 725 (5th Cir. 2004)(citing *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971)); *see also Deem v. Devasto,* 140 Fed. App'x 574, 575 (5th Cir. 2005)(citing *United States v. MacCollum*, 426 U.S. 317, 324-25 (1976))(denial of a free copy of trial record in connection with inmate's habeas proceeding did not violate his equal protection rights). In addition, the Court notes that to the extent Plaintiff is claiming he was entitled to these documents prior to his conviction in 2003, when he was a pre-trial inmate, in order to

assert a defense at trial or otherwise assist his attorney, his claim is barred by the statute of limitations. *See Walker v. Epps*, 550 F.3d 407, 414-15 (5th Cir. 2008)(3-year statute of limitations applicable to § 1983 cases in Mississippi); *see also Caraballo v. Federal Bureau of Prisons,* 124 Fed. App'x 284, 285 (5th Cir. 2005)(citing *Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996))(inmate's inability to conduct legal research or otherwise access a law library to assist attorney during his direct appeal did not state a cognizable claim under § 1983). Simply put, Plaintiff's constitutional rights have not been violated by the alleged actions of the named defendants.

### III. Conclusion

As discussed above, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. Thus, Plaintiff's complaint will be dismissed as frivolous and for failure to state a claim, with prejudice. *See Deem v. Devasto,* 140 Fed. App'x 574, 575 (5th Cir. 2005)(affirmed frivolous and failure to state a claim dismissal of § 1983 suit alleging state court officials denied inmate a free copy of his trial record).

Since this case will be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) & (ii), it will be counted as a "strike." If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and he will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS the 22nd day of April, 2011.

                                              s/ HENRY T. WINGATE
                                              UNITED STATES DISTRICT JUDGE